Arthur Markewich, J.
This is a petition by a domestic corporation for dissolution. The two individuals involved are the equal holders of all of the capital stock of the corporation *762 and are likewise the equal holders of the capital stock of a Florida corporation conducting a similar business. Petitioner concedes that the operation of its affairs is under the control and management of one of the stockholders. It appears and is undenied that the other is in sole control and management of the affairs of the Florida corporation. Thus exclusive control is the consequence of agreement. Nevertheless, it is strange that the petition is brought by the corporation without explanation as between insiders interested in a corporation, whose management is said to be in deadlock, of the manner in which authority was conferred and upon whom to institute the proceeding.
In addition, the petitioner has inexcusably failed to comply with section 104 of the General Corporation Law. Even if, as urged, its information is incomplete despite an admitted examination of the books and records of the corporation, no real effort at all has been made to comply.
In conformity with the practice prevailing for over 20 years the respondent has managed the affairs of the corporation, is still managing them with success, the business is solvent and is being conducted in the interests of consenting creditors and of the stockholders with no impediment and in pursuit of the stockholders’ agreement. If, perchance, the complaining stockholder has other grievances against the respondent, this is not the place to air them and indeed an action is pending involving such claimed aggrievances.
This matter involves the exercise of discretion (Matter of George W. Anderson, Inc., 104 N. Y. S. 2d 184, affd. 279 App. Div. 594) and the court reaches the conclusion that an order directing dissolution would constitute an improvident exercise of discretion. If, however, the parties desire to do so, an order may be submitted forthwith on consent providing for designation of a third director. (Matter of Radom & Neidorff, 307 N. Y. 1, 8.)
The motion is otherwise denied in all respects.